This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Kenneth P. Chance ("Husband") has appealed from a judgment decree of divorce entered in the Wayne County Court of Common Pleas. This Court affirms.
 I
{¶ 2} Husband and Defendant-Appellee Margaret Joyce Chance ("Wife") were married in Florida in 1969. Shortly after the marriage, the parties moved to Ohio and lived on a two hundred twenty-four acre farm owned by Husband's mother. The parties initially raised calves and hogs on the farm, but converted that business to a dairy operation in 1971. Husband's mother also lived on the farm for a time, but at some point she moved out of the farmhouse.
{¶ 3} In 1998, the parties ceased operating the dairy farm, and sold the cattle and some of the dairy equipment. In July 1999, Husband's mother gifted the farm to Husband as part of an estate planning strategy. An appraisal of the farm property at the time of the transfer estimated the farm's value at $462,670.
{¶ 4} In September 1999, Wife left the marital residence at the farm. In January of the following year, Husband filed an action for divorce. Wife filed an answer and counterclaim for divorce. The case proceeded to a final hearing before a magistrate on a contested basis. The parties stipulated that the value of the farm at the time of the divorce proceedings was between $787,500 and $821,250.
{¶ 5} On March 5, 2001, the magistrate issued a report and proposed decision. The magistrate found that Husband had been verbally abusive toward Wife during the marriage, causing Wife emotional distress. The magistrate therefore recommended that each party be granted a divorce on the ground of incompatibility, and that Wife also be granted a divorce on the ground of extreme cruelty. The magistrate's report divided the parties' marital assets equally between the spouses, and ordered Husband to pay Wife spousal support in the amount of $500 per month for ninety-six months. The magistrate also found that the farm was Husband's separate property, but ordered Husband to pay Wife a distributive share of $297,453. The magistrate arrived at this figure by valuing the farm property at $787,500, subtracting Husband's liability for capital gains taxes in the event of a sale of the property, and dividing in half the net proceeds from the hypothetical sale.
{¶ 6} Both parties filed objections to the magistrate's decision. The trial court overruled Husband's objections, but remanded the matter back to the magistrate to address Wife's objections that the magistrate made certain mathematical errors which affected the property division. On December 14, 2001, the magistrate issued a second decision and order which corrected the mathematical errors and adjusted the property division accordingly.
{¶ 7} Husband timely filed objections to the magistrate's December 14, 2001 decision and order, and also filed a notice of appeal therefrom. On July 23, 2002, the trial court entered a final decree of divorce, overruling all of Husband's objections and overruling in part and sustaining in part Wife's objections. The divorce decree incorporated the magistrate's distributive award from Husband to Wife of $297,453, as well as the award of spousal support from Husband to Wife of $500 per month for ninety-six months. Husband perfected an appeal from the final divorce decree, and this Court consolidated both of Husband's appeals. Husband has asserted four assignments of error, some of which we have consolidated to facilitate review.
 II Assignment of Error Number One {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY AWARDING TO [WIFE] ONE-HALF OF THE VALUE, AFTER TAXES, OF THE FARM WHICH WAS SEPARATE PROPERTY OF [HUSBAND]."
 Assignment of Error Number Three {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE AMOUNT OF A DISTRIBUTIVE AWARD FROM SEPARATE PROPERTY BASED UPON CONTRIBUTIONS MADE PRIOR TO THE PROPERTY BEFORE IT BECAME SEPARATE PROPERTY."
{¶ 10} In his first assignment of error, Husband has argued that the trial court erred as a matter of law by effectively reclassifying the farm as a marital asset and dividing it equally between the parties. In his third assignment of error, Husband has contended that the court abused its discretion by determining that the increase or appreciation in value of the property due to the contributions of one or both spouses constituted marital property subject to division under R.C.3105.171(A)(3)(a)(iii).
{¶ 11} The division of property in divorce proceedings is governed by R.C. 3105.171. Pursuant to that statute, the trial court must determine what constitutes the marital property of the couple and what constitutes the separate property of each spouse. R.C. 3105.171(B);Guziak v. Guziak (1992), 80 Ohio App.3d 805, 808. "Except as otherwise provided in division (E) of this section [providing for distributive awards] or by any other provision of this section, the court shall disburse a spouse's separate property to that spouse." R.C. 3105.171(D).
{¶ 12} In the case sub judice, the trial court unambiguously classified the farm as Husband's separate property and awarded it to Husband free and clear of any claim by Wife. Husband has argued that in spite of this classification, the trial court erred as a matter of law by dividing the farm equally between the parties as though it was marital property. Husband has maintained that the trial court's distributive award to Wife of half the value of the farm eradicated the statutory distinctions between separate and marital property.
{¶ 13} In support of his contention, Husband has cited Guziak,80 Ohio App.3d 809, wherein we considered the appellant's argument that a "court may not simply reclassify and thereby convert separate property into marital property." In Guziak, however, the appellant challenged the trial court's explicit distribution as marital property of an asset that he inherited from his mother's estate; the portion of Guziak relied upon by Husband did not involve a distributive award. In the case sub judice, by contrast, the trial court did not include the farm in its division of marital property. Rather, the court disbursed the farm to Husband as his separate property, and ordered a distributive award to Wife in the amount of half the value of the property after taxes. R.C. 3105.171(E)(1) clearly authorizes a trial court to "make a distributive award to facilitate, effectuate, or supplement a division of marital property."
{¶ 14} Husband's argument that the trial court acted contrary to law by treating the farm as marital property ignores the fact that the trial court disbursed to Wife the $297,453 at issue as a distributive award. Husband's attempt to recast the distributive award as a distribution of the farm or the value of its appreciation as a marital asset would require this Court to rewrite the divorce decree, and to ignore the trial court's statutory authority to make distributive awards. Husband's first and third assignments of error are without merit.
 Assignment of Error Number Two {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING TO [WIFE] ONE-HALF OF THE VALUE, AFTER TAXES, OF THE FARM HELD TO BE SEPARATE PROPERTY AS A DISTRIBUTIVE AWARD."
{¶ 16} In his second assignment of error, Husband has argued that the only contributions Wife made were to the farming operations rather than the land itself, and that these contributions were in lieu of rent to Husband's mother. Husband has contended that the trial court abused its discretion in ordering him to pay the distributive award when Wife's only contributions to the property were improvements made in lieu of rent while the parties were tenants on the property.
{¶ 17} R.C. 3105.171 defines "distributive award:"
 {¶ 18} "`Distributive award' means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in [R.C. 3105.18]." R.C. 3105.171(A).
{¶ 19} That statute further provides: "The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property." R.C. 3105.171(E)(1). The determination of whether a distributive award is warranted, and the amount of any such award, is within the discretion of the trial court. Smith v. Smith, 9th Dist. No. 20519, 2001-Ohio-1882, at 2. Absent an abuse of discretion, the trial court's determination will not be disturbed. Id. An "abuse of discretion" connotes more than an error of law or of judgment; it implies an arbitrary, unreasonable, or unconscionable attitude by the trial court.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 20} In determining whether to make a distributive award pursuant to R.C. 3105.171(E), the trial court must consider the factors set forth at R.C. 3105.171(F). These factors include:
{¶ 21} "(1) The duration of the marriage;
 {¶ 22} "(2) The assets and liabilities of the spouses;
 {¶ 23} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 24} "(4) The liquidity of the property to be distributed;
 {¶ 25} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 26} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 27} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 28} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 29} "(9) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.171(F).
{¶ 30} The record shows that the trial court properly considered and applied the factors relevant to determining Wife's entitlement to a distributive award. The court acknowledged that the parties were married for a total of thirty-two years, and that both parties spent thirty of those years operating, maintaining and improving the farm. See R.C.3105.171(F)(1). The court distributed to each party his/her separate property, and equally distributed the parties' marital assets. The single largest asset accumulated during the marriage by either spouse was the farm, valued at $787,500, and distributed to Husband as his separate property. See R.C. 3105.171(F)(2). Although it valued the farm at $787,500, the court specifically discounted that value by the amount of state and federal capital gains taxes that Husband would have to pay if he decided to sell the property. See R.C. 3105.171(F)(6). The court also considered the contributions and improvements to the farm made by Wife, and by the parties jointly, over the course of their thirty-year occupation of the property. See R.C. 3105.171(F)(9). Finally, the court took into account the value of the distributive award in calculating the amount of spousal support to which Wife was entitled. Despite Wife's limited income and partially disabling medical conditions, the court granted spousal support in the modest amount of $500 per month for ninety-six months (over which the court did not retain jurisdiction). In calculating this amount, the court indicated that it "factored in the amount of property settlement that [Wife] will be receiving and her ability to invest those sums and receive investment income." See R.C. 3151.071(F)(9).
{¶ 31} Accordingly, we find no abuse of discretion by the trial court in awarding Wife a distributive award in the amount of $297,453. The court properly considered the relevant statutory factors in concluding that such an award was warranted, and in calculating the amount thereof. Husband's second assignment of error is not well taken.
 Assignment of Error Number Four {¶ 32} "THE TRIAL COURT'S DISTRIBUTIVE AWARD OF ONE-HALF OF THE NET EQUITY OF SEPARATE PROPERTY OF [HUSBAND] IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 33} In his fourth assignment of error, Husband has argued that the trial court's valuation of the farm at $787,500 for purposes of calculating the distributive award was against the manifest weight of the evidence. Specifically, Husband has contended that the trial court determined that the farm appreciated in value by $787,500 during the marriage, and that this determination was contrary to the manifest weight of the evidence.
{¶ 34} When an appellant challenges a judgment in a civil case as against the manifest weight of the evidence, an appellate court's standard of review is the same as that in a criminal context. Frederickv. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at 14. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 35} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
{¶ 36} An appellate court that overturns a trial court's judgment as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997),78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant.Otten, 33 Ohio App.3d at 340. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
{¶ 37} The trial court's valuation of the property at $787,500 was based on a stipulation submitted by the parties that the value of the farm was between $787,500 and $821,250. The court therefore adopted the lowest stipulated present value of the farm, and deducted from that value the cost of potential capital gains taxes that Husband would incur in the event he decided to sell the property. The court then used this net amount for purposes of calculating Wife's distributive award.
{¶ 38} After reviewing the record, we conclude that the court did not create a manifest miscarriage of justice by making a distributive award to Wife of one-half the net value of the farm's lowest stipulated present value, adjusted for potential capital gains taxes. Husband's argument that the value of the property for purposes of calculating the distributive award must be based on the property's appreciation in value or the improvements made by the parties is without merit. Husband's fourth assignment of error is not well taken.
 III
{¶ 39} Husband's assignments of error are overruled. The judgment of the trial court is affirmed.
CARR, J. CONCURS.